UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTHA BALANZAR REYES,<br><br>  Plaintiff,<br><br>  v.<br><br>MENARD, INC.,<br><br>  Defendant. | No. 21 CV 359<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Martha Balanzar Reyes was injured at a Menards store in 2018 when another customer's cart rolled down a moving walkway and hit Reyes's back. Reyes sued Menards for negligence and premises liability, and Menards now moves for summary judgment. I grant Menards's motion.

**I. Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). I construe all facts and reasonable inferences in favor of the nonmoving party. *Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 378 (7th Cir. 2020). But the moving party is entitled to summary judgment when the nonmoving party fails to make "a sufficient showing on an essential element" of her case for which she has the burden of proof. *Celotex Corp.*, 477 U.S. at 323. "The court need consider

only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

## II. Local Rule 56.1 and Evidentiary Issues

Local Rule 56.1 "aims to make summary-judgment decisionmaking manageable for courts." *Kreg Therapeutics, Inc. v. VitalGlo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019). The rule requires the moving party to file a statement of facts that demonstrates its entitlement to judgment as a matter of law. *See Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); N.D. Ill. Local R. 56.1(a)(3). The nonmoving party must file a response to that statement and may provide a separate statement of additional facts. *Petty*, 754 F.3d at 420; N.D. Ill. Local R. 56.1(b)(3). Both statements of facts and statements of additional facts must consist of concise numbered paragraphs, supported by citations to specific pages in the evidentiary record. *See* N.D. Ill. Local R. 56.1(d)(1)–(2). Evidence supporting or opposing summary judgment must be admissible if offered at trial, although depositions and other written testimony can substitute for live testimony. *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 460 (7th Cir. 2014).

Any fact asserted in a Local Rule 56.1 statement that is not properly controverted is deemed admitted. N.D. Ill. Local R. 56.1(e)(3); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). If the responding party disagrees with the other party's fact, it must cite specific parts of the record disputing the fact and "concisely explain how the cited material controverts the asserted fact." N.D. Ill. Local R. 56.1(e)(3). When addressing facts, the parties' briefs must cite directly to specific paragraphs in their statements of fact. N.D. Ill. Local R. 56.1(g).

Plaintiff failed to comply with Local Rule 56.1. She did not file a response to defendant's statement of facts, so I deem those facts admitted. *See* N.D. Ill. Local R. 56.1(e)(3). Nor did she file a statement of additional facts, which, although not required, would have given her the opportunity to present her side of the story. *See* N.D. Ill. Local R. 56.1(b)(3). Despite this, she asserts additional facts in her response brief. *See* [31] at 3–5, 7, 8.[1] I disregard these additional facts because plaintiff did not comply with the local rules and offered no explanation or excuse for the lack of compliance.

### III. Facts

Plaintiff shopped at a Menards store that had an elevated moving walkway for customers and their carts to move between the first and second floors. [29] ¶¶ 5, 9.[2] Only the "shopping carts," distinct from blue flat carts, were allowed on the walkway. [29] ¶¶ 38, 39. The blue flat carts were for carrying large, flat items like drywall and plywood; the blue carts were kept on the first floor, where those items were located. [29] ¶¶ 40, 41.[3] A sign in front of the walkway entrance said only shopping carts were allowed and instructed customers to hold on to their carts while on the walkway. [29] ¶¶ 43, 44. The sign also had graphics of a baby stroller, wheelchair, kid's cart, and motorized cart, each with a red line slashed through to indicate they were not allowed

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except in the case of citations to depositions, which use the deposition transcript's original page number.

[2] The facts are taken from defendant's statement of material facts, [29], and its accompanying exhibits.

[3] The blue flat carts were removed from the store after this incident, [29] ¶ 47, so I use the past tense when referring to them.

3

on the walkway. [29-7]. Beneath that, the sign said, "Please Use Elevator." [29-7]. The sign did not have a graphic indicating that flat carts were not allowed. [29-7].

Ferdynand Romanowski, another customer in the store at the time, did not pay attention to the sign, [29] ¶ 25, and boarded the walkway with a flat cart. [29] ¶ 18. He had placed a door on top of the cart, and as he descended, he held the door down to keep it from sliding away. [29] ¶ 20. But the cart slid out from underneath. [29] ¶ 21. As it rolled down the walkway, Romanowski yelled to Reyes to get out of the way. [29] ¶ 23. Plaintiff turned around but didn't move in time. [29] ¶ 24. The cart hit her back. [29] ¶ 12. Because of the accident, she continues to deal with significant pain, can no longer work, and has had to change or avoid routine activities to prevent pain. *See* [29-3] at 10:15–19, 14:3–24, 15:1–2, 18:16–18, 20:10–20, 22:3–7, 23:11–13, 25:2–8, 25:18–24, 49:22–24, 50:1–2.

In the five years before plaintiff was struck by the cart, there had not been a reported incident of a customer losing control of a prohibited cart on the walkway and injuring another person. [29] ¶ 6. In fact, in the five years the manager worked at that Menards location, he had never seen anyone take a prohibited flat cart on the walkway. [29] ¶ 46.

Reyes sued Menards in state court for negligence and premises liability. [1]. Menards removed to federal court, [1], and now moves for summary judgment, [28]. I grant the motion.

**IV. Analysis**

Illinois law governs in this diversity case. *See Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016). Premises liability is a subset of common-law

4

negligence, *see Nelson v. Aurora Equipment Co.*, 391 Ill.App.3d 1036, 1039 (2d Dist. 2009), but the two can be brought as separate claims. *See Greenhill v. REIT Mgmt. & Rsch.*, 2019 IL App (1st) 181164, ¶ 64; *Smart v. City of Chicago*, 2013 IL App (1st) 120901, ¶ 54; *Reed v. Wal-Mart Stores, Inc.*, 298 Ill.App.3d 712, 717 (4th Dist. 1998). In a negligence action, a plaintiff must prove that the defendant owed her a duty, breached that duty, and her injury was a proximate result of that breach. *See Johnson v. Armstrong*, 2022 IL 127942, ¶ 51. Premises liability requires proof of those three elements plus an additional three: 1) "a condition on the property that presented an unreasonable risk of harm," 2) "the defendant knew or reasonably should have known of the condition and the risk," and 3) "the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger." *Garcia v. Goetz*, 2018 IL App (1st) 172204, ¶ 31; *see also Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

The ordinary-negligence and premises-liability inquiries overlap here. Whether Menards breached a duty and proximately caused Reyes's injury and whether it knew or should have known of a dangerous condition that proximately caused Reyes's injury both turn on foreseeability.

### A. The Relevant Condition

Plaintiff argues that the dangerous condition was "the moving walkway itself." [31] at 3. Defendant disagrees with this framing, though doesn't offer its own definition of the condition.

Reyes encountered danger not from the walkway itself but from the cart on the walkway. So, like the rocks in the parking lot in *Piotrowski*, 842 F.3d at 1038–39, and

5

the puddle on the floor in *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649–50 (7th Cir. 2014), the blue cart on the walkway was the relevant condition here. To carry her burden on her premises-liability claim, plaintiff must offer some evidence that "defendants knew, or should have known, that the condition [an incorrect cart on the walkway] posed an unreasonable risk of harm." *Parker*, 845 F.3d at 811. In other words, Menards needed to be on notice of the condition.

To prove that defendant was on notice, plaintiff must tie defendant to the dangerous condition in some way—either by showing that defendant placed the cart on the walkway or that defendant had actual or constructive notice of the cart on the walkway. *See Piotrowski*, 842 F.3d at 1038; *Zuppardi*, 770 F.3d at 649. There's no dispute that Romanowski, and not a Menards employee, placed the cart on the walkway. [29] ¶ 18. Plaintiff does not allege that Menards had actual notice—that a Menards employee saw Romanowski with a flat cart on the walkway and failed to warn him to hold on to it or failed to warn customers below of a danger. So she must show that the facts in the record are enough to suggest constructive notice.

She can establish constructive notice in two ways: either by showing that the dangerous condition was there long enough that employees should have discovered it in their exercise of ordinary care, or by showing that the dangerous condition was "part of a pattern of conduct or a recurring incident." *Piotrowski*, 842 F.3d at 1040 (citing *Culli v. Marathon Petrol. Co.*, 862 F.2d 119, 123 (7th Cir. 1988)). Nothing in the record says how long Romanowski was on the walkway with an incorrect cart before it slid away and hit Reyes. And plaintiff offers no evidence that a customer had

6

lost control of an incorrect cart on the walkway before. The record evidence is that no Menards employee had ever seen a blue cart on the walkway.[4] Reyes therefore cannot prove that Menards was on notice that an incorrect cart on the walkway posed an unreasonable risk of harm.[5]

### B. Proximate Cause

Even if plaintiff carried her burden on the dangerous-condition element, she'd have to carry it on proximate cause, too (for both ordinary negligence and premises liability). She'd have to prove that the dangerous condition proximately caused her injury—that it was a cause in fact and legal cause of her injury. *Parker*, 845 F.3d at 811; *Turcios v. DeBruler Co.*, 2015 IL 117962, ¶ 23. Here, cause in fact is governed by the "substantial factor" test, instead of the traditional "but for" test, because the

---

[4] Plaintiff argues that the manager's ability to discern the cause of the injury from context clues suggests that the manager was not truthful when he said he never saw a blue cart on the walkway before and that Menards was therefore on notice of similar events. [31] at 5. But plaintiff failed to offer the manager's testimony in a Local Rule 56.1 statement, so I disregard it. The absence of any knowledge of blue carts on the walkway is unrebutted and undisputed. And in any event, it would not be reasonable to infer that the manager must have seen a similar incident before in order to put this particular two-piece puzzle together.

[5] Defendant says it wasn't foreseeable "that a guest would disregard posted warnings, bring a prohibited cart on the walkway, and fail to hold it securely." [30] at 6–7. Defendant makes this foreseeability point to argue that it had no duty to plaintiff to prevent the specific incident. [30] at 6–7. The existence of a duty is an element of ordinary negligence. *Johnson*, 2022 IL 127942, ¶ 51. But defendant's point conflates the proximate-cause foreseeability analysis with the duty foreseeability analysis. Foreseeability in the context of duty is about the foreseeability of "*an* injury to the *particular plaintiff*," as opposed to the foreseeability of "*the particular injury*" or "the specific means by which it was brought about." *Colonial Inn Motor Lodge, Inc. v. Gay*, 288 Ill.App.3d 32, 40–41 (2d Dist. 1997); *see also Stanphill v. Ortberg*, 2017 IL App (2d) 161086, ¶ 38 ("[C]ourts must take care to keep duty and proximate cause analytically independent by differentiating between two distinct problems in negligence theory—the unforeseen plaintiff problem and the problem of the foreseeable injury resulting from unforeseen means" (citation and quotations omitted)). And anyway, in this case there is no possible dispute over duty—property owners always "owe their invitees a duty to maintain their premises in a reasonably safe condition." *Parker*, 845 F.3d at 811. The foreseeability of the specific events is a question of proximate cause, addressed below.

injury didn't come directly from Menards, but instead from the "subsequent, independent act of a third party," Romanowski. *Inman v. Howe Freightways, Inc.*, 2019 IL App (1st) 172459, ¶ 63. That test asks whether defendant's conduct was a "material element and a substantial factor in bringing about the injury." *Young v. Bryco Arms*, 213 Ill.2d 433, 446 (2004). Legal cause, on the other hand, is a "question…of policy—[h]ow far should a defendant's legal responsibility extend for conduct that did, in fact, cause the harm?" *Turcios*, 2015 IL 117962, ¶ 24 (quoting *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill.2d 351, 395 (2004)); *see also Prodromos v. Everen Sec., Inc.*, 389 Ill.App.3d 157, 171 (1st Dist. 2009) ("[T]he concept of proximate cause was developed to limit the liability of a wrongdoer to only those injuries reasonably related to the wrongdoer's actions.").

In cases with intervening causes, Illinois courts draw a distinction between a condition and a cause. *Young*, 213 Ill.2d at 449–50. The condition-versus-cause analysis is just "another way of presenting the cause-in-fact analysis." *Inman*, 2019 IL App (1st) 172459, ¶ 66 (citing *First Springfield Bank & Trust v. Galman*, 188 Ill.2d 252, 259 (Ill. 1999)). While the condition "provides an opportunity for causal agencies to act," the cause actually produces the injury. *Schultz v. St. Clair Cnty.*, 2022 IL 126856, ¶ 38 (quoting *Thompson v. Cnty. of Cook*, 154 Ill.2d 374, 383 (1993)). For example, a defective road may provide a condition for an accident, but it is not the cause if the driver is drunk, speeding, fleeing police, and ignoring traffic signs. *Thompson*, 154 Ill.2d at 383. The road "provide[s] nothing more than a location where [plaintiff's] negligence [comes] to fruition." *Id.*

8

Legal cause "is essentially a question of foreseeability," that is, "if an injury is of a type which a reasonable [person] would see as a likely result of [their] conduct." *Lee v. Chicago Transit Auth.*, 152 Ill.2d 432, 456 (1992). Where there is an intervening cause between the first wrongdoer's actions and the plaintiff's injury, the question is "whether the first wrongdoer reasonably might have anticipated the intervening efficient cause as a natural and probable result of the first party's own negligence." *Galman*, 188 Ill.2d at 257 (quotations and citation omitted).

Proximate cause is "ordinarily a question of fact for the jury," but "where reasonable minds could not differ as to inferences to be drawn from undisputed facts"—e.g., whether it's foreseeable that a customer would lose control of an incorrect cart on the walkway—the issue becomes a matter of law and summary judgment is warranted. *Parsons v. Carbondale Twp.*, 217 Ill.App.3d 637, 646 (1991). In support of her argument that her injury was foreseeable, plaintiff argues that "[t]he whole purpose of the locking mechanisms on the cart is to keep the cart in place when it is inevitably let go by the customer." [31] at 8. "If the manufacturer of the walkway could foresee the carts would not be held [on to] at all times and put a locking mechanism in place for that purpose, then it is also reasonably foreseeable that Menard[s] would be aware of this as well," she says. [31] at 8. In other words, the design of the walkway itself is proof that this sort of incident was foreseeable.

This introduces facts that are not in any Local Rule 56.1 statement and—in the case of the manufacturer's knowledge and the purpose of the locking mechanism as tied to the inevitability of a customer letting go—not supported by any cited record

9

evidence. Although defendant submitted a deposition in which the Menards manager testified that the flat carts aren't allowed on the walkway because they don't have the same magnetic locking mechanism as the shopping carts, [29-5] at 26:11–24, 27:12–15, 28:12–24, the Local Rule 56.1 statement does not mention this testimony. It only says that Romanowski used a type of cart that is not allowed on the walkway, [29] ¶¶ 18, 39; it doesn't say why the cart isn't allowed or even that the walkway is magnetized in order to secure carts. Plaintiff had the opportunity to include this information in a statement of additional facts but did not file one.

The foreseeability question is whether a cart that should not be on the walkway, once on the walkway, might slip out of a customer's control, roll down the walkway, and injure someone. If it was not foreseeable that an incorrect cart would slip out of a customer's control, then the subsequent events—that it would roll down the walkway and hit a customer—were not foreseeable either.

The sign above the walkway instructed customers to hold on to their carts. [29-7]. Romanowski didn't notice the sign, though, [29] ¶ 25—a fact plaintiff says was reasonably foreseeable to Menards. *See* [31] at 5. But plaintiff offers no facts to support that assertion—for instance, that previous customers hadn't noticed the sign or that the sign was too high or the font too small for a reasonable customer to notice it before going on the walkway. It is true that a "defendant can be expected under certain circumstances to anticipate that customers even in the general exercise of reasonable care will be distracted or momentarily forgetful." *Ward v. K Mart Corp.*, 136 Ill.2d 132, 155 (Ill. 1990). But that principle is only relevant in cases of open and

obvious dangers where there's no sign warning customers of a risk. *Id.* at 138 (plaintiff collided with large concrete post immediately outside store's exit because he was carrying a mirror that blocked his view; although post was an open and obvious danger, defendant should have anticipated this sort of incident); *id.* at 154 (customer carrying an armful of products that obstruct her vision doesn't see a fallen rainspout in front of a store exit and trips over it; store should have reasonably anticipated the incident) (citing Restatement (Second) of Torts § 343A).

Absent admissible evidence from plaintiff, no jury could find it foreseeable that a customer who was warned to hold on to a cart would fail to effectively secure it. Romanowski's own failure to notice the sign, and his decision to secure the cart not by holding the cart, but instead by holding the door sitting on top of the cart, were superseding causes of the accident.

Even if I took into account the facts that plaintiff includes in her brief with citation to record evidence but that are not in defendant's Local Rule 56.1 statement, I would reach the same conclusion. Those facts are the following. The walkway and the shopping carts are magnetized, which means the shopping carts lock to the floor. [31] at 8; [29-5] at 26:15–24, 27:1–15. The flat carts do not magnetize to the walkway and therefore don't lock in place. [31] at 3; [29-5] at 28:12–24.

The facts about magnetization are relevant to the analysis in a limited way. It is reasonable to infer that an unmagnetized cart that is not locked into position is more likely to roll. But whether the cart was magnetized or not, the sign still instructed customers to hold on to their carts. And plaintiff offers no admissible

11

evidence to allow a jury to find that a customer warned to hold on to their cart would lose control of it. She therefore cannot carry her burden on proximate cause, a necessary element for both her negligence and premises-liability claims.

## V. Conclusion

Defendant's motion for summary judgment, [28], is granted. Enter judgment and terminate civil case.

ENTER:

                                                          Manish S. Shah
                                                        United States District Judge

Date: July 14, 2022